# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **MATTHEW C. CARROLL** | **CIVIL ACTION NO. 17-426-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **J. LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Matthew C. Carroll ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 16, 2017. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he complains that his civil rights were violated by prison officials. He names J. LeBlanc, L. Nail, M. Dauzat, and S. Hayden as defendants.

Plaintiff claims his life is endangered because the conditions at DWCC hinder his needs and prevent him from functioning in everyday life. He claims ACA mandatory requirements for medical and mental health are non-existent and result in a serious deprivation of basic human needs. He claims there are restrictions on property. He claims there are no religion classes, corrective/rehabilitative programs, educational activities, mental health programs, or counseling. He claims he is confined 24 hours a day to solitary

confinement.  He claims there is a lack of outdoor recreation.  He claims the temperatures in his cell are extreme year-round.  He claims there is an inadequate number of staff and they are not trained.  He claims reading materials are limited.  He claims he has limited access to legal resources, work, and visitation.  He claims there is no television or radio.  He claims the canteen only has hygiene products and postage.

Plaintiff claims that since he arrived at DWCC on August 17, 2015, he has only been allowed one ten-minute telephone call a month.  He claims that when he visits with his family and lawyer, he is in full restraints even though he is not a maximum-security risk.

Plaintiff claims there is excessive noise 24 hours a day because other inmates scream, wail, cry, and sing.  He claims there is also a constant loud banging.  He claims that because of the excessive noise he cannot sleep, think, or concentrate for days on end.

Plaintiff claims his cell is illuminated for 18 hours a day.  He claims it is difficult to sleep.  He claims the lights cause depression, fatigue, and anxiety.  He claims the lights also cause headaches, sore eyes, and blurry vision.

Plaintiff claims that he only receives religious materials on Fridays.

Plaintiff claims that correctional officers who are not trained pass out medication because they do not want nurses on the tier.

Plaintiff claims books are limited to three, but there is no limit for legal materials.  He claims these materials are delivered only once a week.

Plaintiff claims that because he is housed in his cell 23 hours a day, he does not have access to television, radio, or card games.

Plaintiff claims that on February 28, 2017, Steve Hayden called him a raper-man and child molester. He claims Hayden put his life in danger because other inmates may assault him because of his conviction.

Plaintiff claims that on May 9, 2017, Col. Nail sprayed him with a chemical agent. He claims he was left in the lobby in full restraints covered in the chemical agent. He claims he was denied medical treatment. He claims he was not allowed to shower until ten hours later.

Plaintiff claims that on July 6, 2017, Ariel Robinson interviewed him for a special mental health program. He claims he was told that he did not have enough mental health issues to receive treatment. He claims that on July 7, 2017, he wrote to Warden Dauzat and explained to her that mental health issues are mental health issues and should be treated as one in the same for proper treatment. He claims he was denied mental health help and was ignored by Warden Dauzat.

Plaintiff claims that on July 27, 2017, he wrote to James LeBlanc explaining key facts and that he feared for his life. He claims he wanted Warden Goodwin and Col. Nail placed on his enemy jacket. He claims LeBlanc refused to address his issues and offer any help.

Plaintiff claims grievances are improperly rejected in the administrative remedy procedure as duplicative.

Accordingly, Plaintiff seeks competent mental health staff, programs, and counselors, nominal and punitive damages, and injunctive relief.

## LAW AND ANALYSIS

**Conclusory Claims**

Plaintiff claims his life is endangered because the conditions at DWCC hinder his needs and prevent him from functioning in everyday life. He claims ACA mandatory requirements for medical and mental health are non-existent and result in a serious deprivation of basic human needs. He claims there are restrictions on property. Plaintiff claims there is a lack of outdoor recreation. He claims the temperatures in the cells are extreme year-round. He claims he is confined 24 hours a day to solitary confinement. Plaintiff claims there is an inadequate number of staff and the staff is not trained. He claims he has limited access to work opportunities and visitation.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so as to these claims. Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Programs**

Plaintiff claims David Wade Correctional Center has no religion classes, corrective/rehabilitative programs, educational activities, mental health programs, or counseling.   Plaintiff mistakenly assumes that he has a Constitutional right to educational or vocational programs, to social services, or to other unspecified rehabilitation programs. Inmates do not a have a protected property or liberty interest in rehabilitation programs. Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir.1989); Moody v. Baker, 857 F.2d 256, 257–58 (5th Cir.1988).  The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988). Nor do prisoners have a constitutional right to "social services." Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991).

Accordingly, Plaintiff's claims regarding religion classes, corrective/rehabilitative programs, educational activities, mental health programs or counseling are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Conditions of Confinement**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement,

ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.  However, mere neglect and/or negligence do not constitute deliberate indifference.  See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement.  Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

**Excessive Noise**

Plaintiff claims the noise is excessive 24 hours a day.  He claims the noise is caused by inmates screaming, wailing, crying, and singing.  He claims there is also a constant loud banging noise.

Plaintiff does not allege how the noise posed a substantial risk of serious harm to his health or safety, nor does he allege that prison officials knew of and disregarded that risk.  He alleges sleep deprivation and the inability to think and concentrate as a result of the noise.  Sleep deprivation is a condition that might conceivably cause harm, because "sleep constitutes a basic human need, and conditions designed to prevent sleep may violate the Eighth Amendment. However, [Plaintiff's] allegations do not show the existence of noise intentionally designed to deprive him of sleep or sufficient to state a viable Eighth Amendment claim." Johnson v. Tex. Bd. of Crim Justice, 281 F. App'x 319, 322 (5th Cir. 2008) (citing Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999); Lacy v. Collins, 66 F.3d 321, 1995 WL 535114, at 4 (5th Cir. Aug. 8, 1995)). Noise, in the absence of a showing of deliberate indifference to the deprivation of a basic necessity of life such as sleep, does not violate the Constitution.

**Lighting**

Plaintiff claims the lights are on for 18 hours a day and this causes depression, fatigue, insomnia, anxiety, headaches, and eye issues.  Plaintiff does not allege how the lights being on for 18 hours a day posed a substantial risk of serious harm to his health or safety, nor does he allege that prison officials knew of and disregarded that risk.  He alleges the lights cause depression, fatigue, insomnia, anxiety, headaches, and eye issues.  As previously stated, sleep deprivation is a condition that might conceivably cause harm, because "sleep constitutes a basic human need, and conditions designed to prevent sleep may violate the Eighth Amendment." Johnson v. Tex. Bd. of Crim Justice, 281 F. App'x 319, 322 (5th Cir. 2008) (citing Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999);

Lacy v. Collins, 66 F.3d 321, 1995 WL 535114, at 4 (5th Cir. Aug. 8, 1995)). The undersigned finds that having the lights on for 18 hours a day in a prison, in the absence of a showing of deliberate indifference to the deprivation of a basic necessity of life such as sleep, does not violate the Constitution.

**Reading and Religious Materials**

Plaintiff claims reading materials are limited. He claims books are limited to three. He claims he receives reading materials only once a week. Plaintiff claims he only receives religious materials on Fridays.

After considering the totality of the specific circumstances that constitute the conditions of Plaintiff's confinement, this court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. The court finds that Plaintiff's claim standing alone, simply does not rise to the level of cruel and usual punishment as defined by the jurisprudence. The deprivations alleged by Plaintiff regarding book limits simply do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S.Ct. at 2324. In this case, Plaintiff states no facts that would satisfy the threshold requirements for an Eighth Amendment violation. Thus, the court does not consider the deprivations alleged to be sufficiently serious.

**Canteen**

Plaintiff claims the canteen only has hygiene products and postage. After considering the totality of the specific circumstances that constitute the conditions of Plaintiff's confinement, this court finds that the facts alleged do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See <u>Wilson,</u> 501 U.S. at 298, 111 S. Ct. at 2324. The court finds that Plaintiff's claim standing alone, simply does not rise to the level of cruel and usual punishment as defined by the jurisprudence. The deprivations alleged by Plaintiff regarding canteen items simply do not support a finding that Defendants' conduct was sufficiently harmful enough to deprive Plaintiff of life's basic necessities. See <u>Wilson</u>, 501 U.S. at 298, 111 S.Ct. at 2324; <u>Robinson v. Warden, et al.</u>, 890 F.Supp. 715, (N.D.Ill.1995). In this case, Plaintiff states no facts that would satisfy the threshold requirements for an Eighth Amendment violation. Thus, the court does not consider the deprivations alleged to be sufficiently serious.

Furthermore, there is no constitutional right for a prisoner to be able to purchase items from a commissary. <u>Patin v. LeBlanc</u>, 2012 U.S. Dist. LEXIS 106300, 2012 WL 3109402 (citing <u>Tokar v. Armontrout</u>, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); <u>Harrison v. Federal Bureau of Prisons</u>, 611 F.Supp.2d 54, 62 (D.D.C. 2009) ("It is established that an inmate has no federal constitutional right to purchase items from a prison commissary."); <u>Hopkins v. Keefe Commissary Network Sales</u>, No. 07-745, 2007 U.S. Dist. LEXIS

99140, 2007 WL 2080480, at 5 (W.D. Pa. Jul. 12, 2007).  Accordingly, Plaintiff's claims regarding the conditions of his confinement are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Visitation**

Plaintiff claims that when he visits with his family and lawyer, he must be in full restraints even though he is not a maximum-security risk.  It is well settled that "visitation privileges are a matter subject to the discretion of prison officials." Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (quoting McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir.), cert. denied, 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed. 2d 86 (1975)).  An inmate has no constitutional right to contact visitation privileges. See Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed. 2d 418 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed. 2d 447 (1979) (stating that prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order); Berry, 192 F.3d at 508 (citing McCray, 509 F.2d at 1334).

Accordingly, Plaintiff's claims regarding visitation are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Medications**

Plaintiff claims correctional officers dispense medication to the inmates and they are not trained to do so.  To establish liability under § 1983, a civil rights plaintiff must establish two elements: (a) state action, i.e., that the conduct complained of was committed under color of state law, and (b) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. See Collins v. City of Harker Heights, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); Baker v. McCollan, 443 U.S. 137, 142, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also Townsend v. Moya, 291 F.3d 859, 861 (5th Cir.2002).

The correctional officers have not violated federal law by dispensing medication to the inmates.  Accordingly, Plaintiff's claims regarding correctional officers dispensing medication are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Telephone Limitations**

Plaintiff claims he is only allowed one ten-minute telephone call a month.  Prisoners have "'no right to unlimited telephone use.' Instead, a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" Waganfeald v. Gusman, 674 F.3d 475 (5th Cir. 2012) (quoting Douglas v. Gusman, 567 F.Supp.2d 877, 886 (E.D. La. 2008)); Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994); Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir. 1989); Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)). "Prisons legitimately impose a variety of restrictions on inmates' use of telephones." Roy v. Stanley, No. 02-CV-555-JD,

2005 U.S. Dist. LEXIS 20644, 2005 WL 2290276, at 7 (D.N.H. Sept. 20, 2005) (citing

United States v. Lewis, 406 F.3d 11, 13 (1st Cir. 2005); Gilday v. Dubois, 124 F.3d 277,

293 (1st Cir. 1997); Spurlock v. Simmons, 88 F.Supp.2d 1189, 1193 (D. Kan. 2000)).

Prison regulations concerning telephone use do not violate an inmate's First

Amendment rights so long as the inmate does not suffer from an inability to communicate

with the courts, counsel, family and friends. Hill v. Estelle, 537 F.2d 214, 215 (5th

Cir.1976). Plaintiff has not made claims regarding the inability to communicate with the

courts, counsel, family, or friends. Accordingly, Plaintiff's claims regarding telephone use

are frivolous because they lack an arguable basis in law and in fact, and they should be

dismissed with prejudice as frivolous.

**Legal Access**

Plaintiff claims he has limited access to legal resources. Prisoners have a

constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768,

768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498,

52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation.

Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct.

2254, 2261-62, 96 L.Ed.2d 64 (1987)).

In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding

in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional

right to "meaningful access to the courts." While the Supreme Court reaffirmed a

prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds

and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation.  In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing.  <u>Lewis</u>, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous.  Clearly, Plaintiff has not satisfied the "actual injury" requirement as he makes no claims of injury in his complaint or amended complaint. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit because of the actions of Defendants.  Thus, he has failed to state any actual injury. Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

**Denial of Television, Radio, and Card Games**

Plaintiff claims that he does not have access to television, radio, and card games because he is housed in his cell 23 hours a day. "[T]he basic purpose of a § 1983 damages

award should be to compensate persons for injuries caused by the deprivation of constitutional rights." Carey v. Piphus, 435 U.S. 247, 254, 98 S.Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). Thus, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. Id., at 264, 98 S.Ct., at 1052.

Prisoners have no constitutional right to watch television because watching television is not one of life's necessities nor is it a basic human need. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); McDonald v. Steward, 132 F.3d 225, 231 (5th Cir.1998); Woods v. Edwards, 51 F.3d 577, 581 (5th Cir.1995). The court further finds that radio and card games are not necessities of life or basic human needs.  See Manley v. Fordice, 945 F. Supp. 132, 137 (S.D. Miss. 1996); Russell v. Helder, 2016 WL 4014106 (W.D. Ark. 2016).  Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Confidentiality of Conviction**

Plaintiff claims Steve Hayden put his life in danger when he called him a raper-man and child molester.  An inmate's conviction is not confidential information subject to constitutional protection.   It is public information.  Trade Waste Mgmt. Ass'n v. Hughey, 780 F.2d 221, 234 (3d Cir.1985).  Furthermore, Plaintiff does not allege that he was assaulted by another inmate because of Hayden's comments. Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Administrative Remedy Process**

Plaintiff claims grievances in the administrative remedy procedure are improperly rejected as duplicative. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (W.D.La.2000); Brown v. Dodson, et al., 863 F.Supp. 284 (W.D.Va.1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231.

Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the defendants failed to have and/or comply with a prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983. Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

**Exhaustion of Administrative Remedies**

Plaintiff claims that on May 9, 2017, Col. Nail sprayed him with a chemical agent and denied him medical treatment. He claims that on July 6, 2017, he was

denied mental health help.  He claims that in July of 2017, James LeBlanc refused to offer him assistance.

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit.  See Woodford v. Ngo, 126 S.Ct. 2378 (2006).  This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378.  The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).  Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007).  However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust.  See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies as to these claims.  Plaintiff filed his complaint on March 16, 2017 and the complained of incidents did not occur until after March 16, 2017.  Plaintiff therefore could not have exhausted administrative remedies as to these claims prior to filing

this complaint. Accordingly, it is recommended that these claims be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's conclusory civil rights claims and his claims regarding programs, conditions of confinement, visitation, medications, telephone, legal access, television, radio, card games, confidentiality of his conviction, and the administrative remedy process be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and his claims occurring after March 16, 2017 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge